NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMMITT PATTERSON,<br><br>                              Petitioner,<br><br>           v.<br><br>ROY L. HENDRICKS, et al.,<br><br>                              Respondents. | OPINION<br><br><br><br><br><br>Civ. No. 02-6022 (WHW) |

Petitioner *pro se* Emmitt Patterson has submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner names Roy L. Hendricks, Administrator of New Jersey State Prison, and Peter C. Harvey, the former Attorney General of New Jersey, as party respondents in this action (hereinafter, the "State"). The petition is denied.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts are found in the April 26, 2002 opinion of the Appellate Division of the Superior Court of New Jersey.[1]

On August 2, 1994, three men – petitioner, co-defendant Harold Jackson, and co-defendant Jermaine Alexander – agreed to and did rob three men at gunpoint in Newark. State v. Patterson, A-2170-00T4, at 3 (N.J. Super. Ct. App. Div., Apr. 26, 2002). Petitioner and Alexander began shooting at each other. During this exchange, petitioner was wounded, a

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

1

bystander was shot in the leg, and a third person was fatally shot. Id. The police interviewed Jackson, who admitted that he and petitioner had committed the robbery, that petitioner had been shot in the leg, and that he had treated the injury himself. Id. at 3-4. One of the three robbery victims identified petitioner in a photographic lineup. The police obtained an arrest warrant for petitioner and arrested him. At that time of the arrest, police officers observed that petitioner had a leg injury consistent with a bullet wound. Id. at 4.

Petitioner was found guilty of aggravated manslaughter, first degree felony murder, second degree conspiracy to commit robbery, two counts of first degree robbery, second degree aggravated assault, third degree possession of a handgun without a permit, and second degree unlawful possession of a handgun with intent to use it against a person or property. Id. at 1-2. The trial judge merged the aggravated manslaughter, conspiracy to commit robbery, first degree robbery, and possession of a weapon for an unlawful purpose charges into the felony murder charge, sentencing petitioner to life imprisonment with parole ineligibility for 30 years. Id. at 2. The trial judge also sentenced petitioner to a concurrent ten year sentence with five years of parole ineligibility for the aggravated assault claim, and a concurrent five year sentence for possession of a handgun without a permit. Id.

Petitioner appealed, and the Appellate Division of the Superior Court of New Jersey affirmed his conviction. The New Jersey Supreme Court denied the ensuing petition for certification. Id. at 3. Defendant filed a petition for post-conviction relief on June 6, 2000, which was denied. Defendant appealed and the Appellate Division affirmed on April 26, 2002. Id. at 5. Petitioner then filed a petition for a writ of habeas corpus with this Court, which writ was stayed because petitioner had failed to exhaust all available state remedies. Patterson v. Hendricks, No. 02-6022 (D.N.J. Aug. 5, 2004.) Petitioner then submitted a second petition for

2

post-conviction relief to the state trial court on August 26, 2004, which was denied without prejudice on the ground that petitioner lacked certification to file an untimely appeal. State v. Patterson, No. A-002078-07T4 (App. Div. July 11, 2008). The Appellate Division invited petitioner to seek reconsideration, but petitioner instead appealed to the state Supreme Court, which denied the petition. State v. Patterson, No. A028-07 (N.J. Feb. 26, 2009). This Court reinstated petitioner's petition for habeas corpus relief on April 15, 2009. Patterson v. Hendricks, No. 02-6022 (D.N.J. Apr. 16, 2009).

## II. LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, amended the standard of review of state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254. For petitions filed after the effective date of AEDPA, courts are required to apply the amended standards of AEDPA. See Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000) (citing Lindh v. Murphy, 521 U.S. 320, 336 (1997)).

AEDPA increases the deference federal courts must give to factual findings and legal determinations by state courts. See Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996). Under § 2254(a), a federal court is required to consider only those petitions – filed on behalf of individuals in custody pursuant to a state court judgment – which are grounded in a violation of the Constitution or the laws or treaties of the United States. Under the Supreme Court's landmark case, Williams v. Taylor, 529 U.S. 362 (2000), federal habeas corpus relief is denied as to any claim that was adjudicated on the merits in a state court proceeding, unless such application "resulted in a decision that (1) 'was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'involved an unreasonable

3

application of . . . clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v. Taylor, 529 U.S. at 412 (quoting 28 U.S.C. §§ 2254(d)(1) and (2) (1997)).

The "contrary to" clause requires the petitioner to show either that the state court reached a conclusion "opposite" to one reached by the Supreme Court, or that the state court decided a factually indistinguishable case differently from the Supreme Court. Id. at 412-13. However, factual issues determined by a state court are presumed to be correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. Werts v. Vaughn, 228 F.3d at 196 (citing 28 U.S.C. § 2254(e)(1) (1997)). The appropriate inquiry to be made under the "unreasonable application" clause is "whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. at 412-13. An application that is merely incorrect does not warrant relief.

Moreover, in order to obtain habeas relief, a state prisoner must exhaust state remedies available to him before filing a petition in federal court. See 28 U.S.C. § 2254(b) (1997); Werts, 228 F.3d at 192; Woodford v. Ngo, 548 U.S. 81, 92 (2006). To "exhaust" available state remedies, a state prisoner must satisfy "the State's established appellate review process," and "give the state courts one full opportunity to resolve any constitutional issues." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A claim is exhausted only where it has been "fairly presented" to state courts.[2] Nara v. Frank, 488 F.3d 187, 198 (3d Cir. 2007).

Parallel to the exhaustion doctrine, federal courts are generally barred from hearing the merits of a claim that the state court refused to consider because the prisoner did not follow a

---

[2] The state's intermediate and supreme courts – and not just the district courts – must also have the opportunity to consider the issue. Evans v. Court of Common Pleas, Del. County, 959 F.2d 1227, 1230 (3d Cir. 1992). However, "a petitioner who has raised the claim on direct appeal need not raise it again in a state post-conviction proceeding." Id. (quoting Swanger v. Zimmerman, 750 F.2d 291, 295 (3d Cir. 1984)).

4

state procedural rule.  See Slutzker v. Johnson, 393 F.3d 373, 381 (3d Cir. 2004).  A federal court is entitled to hear the procedurally defaulted claim only where a petitioner can show "cause for the default and actual prejudice as a result of the violation of federal law," or that a "fundamental miscarriage of justice" will result without consideration of the merits.  Coleman v. Thompson, 501 U.S. 722, 750 (1991).

### III.	ANALYSIS

Petitioner initially sought relief on the basis of nine separate claims.  One of these claims (Ground 8) was unexhausted, and petitioner dropped it from his petition.  Of the remaining eight claims, the State argues that petitioner defaulted on grounds 1, 3, and 5 because he missed a deadline for filing an appeal to the denial of his post-conviction petition.  (Pet'r's Cert. in Supp. of Notice of Appeal Nunc Pro Tunc ¶ 4, Dec. 17, 2007 ("[B]ased on my limited access to the law library and legal materials, I was unable to comply with the 45 day time requirement for the filing of the instant appeal.").)  Any ground in this petition for post-conviction relief that had not already been raised before a state court has been procedurally defaulted.  Unfortunately, however, the notice of appeal in the record before this Court, describing the issues to be raised on appeal, is completely illegible.  As a result, it is impossible for this Court to determine which issues were raised at all, much less which issues were raised for the first time on appeal.  The Court considers each of petitioner's eight grounds on the merits.

**GROUND 1**: *The trial court should have precluded the State from presenting Harold Jackson's written statement to the jury either as substantive evidence of the petitioner's guilt, or to impeach Jackson's credibility as a witness.*

Whether or not the trial court should have allowed the State to present Jackson's statement to the jury is an evidentiary issue, which federal habeas courts generally do not decide.

5

See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  State evidentiary errors are usually not relevant to federal habeas corpus proceedings, unless the error "deprives a defendant of a fundamental fairness in his criminal trial."  Quintal v. Kyler, No. 04-1221, 2005 WL 755728, at *11 (E.D. Pa. Mar. 31, 2005) (quoting Bisaccia v. Atty. Gen. of NJ, 623 F.2d 307, 323 (3d Cir. 1980)); Brown v. Klem, No. 07-1250, 2007 WL 2907953, at *5 (E.D. Pa. Sept. 28, 2007) ("[T]he issue raised by petitioner is not proper for habeas review.  Petitioner's challenge as to Trooper Torres' qualification as an expert witness is an issue of state evidentiary law, which cannot provide a basis for habeas relief.").

The Appellate Division, moreover, addressed this claim and determined that it was without merit.  The New Jersey Supreme Court denied certification of the issue.  (State v. Patterson, 155 N.J. 587 (1998).)  Because the Appellate Division reviewed this ground on its merits, the AEDPA standard of review must be applied.  This Court finds that the state court's determination is neither contrary to nor involves an unreasonable application of clearly established federal law.  Petitioner cannot obtain relief on this ground.

**GROUND 2**: *The trial court improperly refused to allow the defendant to present the testimony of Dr. Matthew Johnson.*

As above, whether the trial court should have allowed Petitioner's expert to testify is an evidentiary issue, and so is generally not cognizable in a habeas corpus proceeding.  Quintal v. Kyler, No. 04-1221, 2005 WL 755728, at *11 (E.D.Pa. Mar. 31, 2005) (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)).  When evidentiary error rises to a constitutional magnitude, habeas relief may be available to petitioners.  The Sixth Amendment right to present witnesses has been incorporated into the Due Process Clause of the Fourteenth Amendment. Pointer v. Texas, 380 U.S. 400, 403 (1965) ("We hold today that the Sixth Amendment's right of an accused to confront the witnesses against him is likewise a fundamental right and is made

obligatory on the States by the Fourteenth Amendment"). The right is not absolute, but applies "when the proposed evidence is critical to a fair trial." Fennell v. Goolsby, 630 F.Supp. 451, 460 (E.D. Pa. 1985).

In this case, the expert witness would have presented evidence tending to show that a witness with a low IQ may not be reliable. (Addendum to Petition for Habeas Corpus of Emmit Patterson 2-3.) Because the witness's mother testified that the witness was "slow," the gist of this evidence was already available to a jury. Petitioner has not satisfied his burden of showing that the exclusion of the expert witness precluded a fair trial. As in Fennell, "where the proposed evidence is not critical factual testimony but expert testimony offered for only the very limited purpose of supporting credibility, the trial court's failure to admit such testimony did not deny defendant her Sixth Amendment right to present witnesses in her defense." Fennell, 630 F.Supp. at 461.

**GROUND 3**: *The verdict is against the weight of the evidence because only Jackson could place petitioner at the scene of the robbery and shooting.*

Whether a claim is against the weight of the evidence "is essentially a matter of state law, and does not raise a federal constitutional question unless the record is completely devoid of evidentiary support in violation of Petitioner's due process." See United States ex rel. Cunningham v. Maroney, 397 F.2d 724, 725 (3d Cir. 1968), *cert denied,* 393 U.S. 1045 (1969). See also Douglas v. Hendricks, 236 F.Supp. 2d 412, 436 (D.N.J. 2002) (Walls, J.).

Substantial evidence places petitioner at the scene of the crime, supporting the jury's conclusion that petitioner conspired to and did commit robbery, aggravated assault, and felony murder, among other charges. The Appellate Division, the court in which this issue was raised for the first time, held that this ground lacked merit. Petitioner has not made out an argument proving either that this finding was based on an unreasonable determination of the facts, or that it

7

violated clearly established federal law.  Because petitioner has not demonstrated a violation of his due process rights, he cannot recover on this ground.  See Cunningham v. Maroney, 397 F.2d at 725.

**GROUND 4**: *The judge inappropriately conveyed her belief of petitioner's guilt during her charge to the jury.*

Petitioner argues that the judge inappropriately conveyed her belief in petitioner's guilt by describing the victim of the felony murder as a "poor man," and by saying, in the course of explaining an "attempt" charge, that "in this count of the indictment the state charges that both of the people attempted, tries [sic] to do something that they should be held responsible for.  But through no credit to them, they were not successful."  (Pet'r's Addendum to Pet. for Habeas Corpus 4, Mar. 7, 2003.)

In the Third Circuit, faulty jury charges are not cognizable on habeas review unless the error achieves constitutional magnitude.  See Johnson v. Rosemeyer, 117 F.3d 104, 109 (3d Cir. 1997) ("If we concluded that a petitioner could obtain habeas corpus relief without making such a showing, then district courts in habeas corpus cases would sit as super state supreme courts for the purpose of determining whether jury instructions were correct under state law with respect to the elements of an offense and defenses to it."); Bacon v. Ricci, No. 06-4910, 2008 WL 2354554, at *19 (D.N.J. June 3, 2008).  Even where a mistake in a jury charge rises to a constitutional magnitude, this jury charge can lead to habeas relief only where "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Cupp v. Naughten, 414 U.S. 141, 147 (1973).  In this case, petitioner has not effectively made out an argument that the instruction given to the jury contained an error, much less that the error rose to a constitutional magnitude infecting the entire trial. The portions of the transcript offered by petitioner simply do not suggest the judge's belief in his guilt.

8

Rather, the record supports the State's position that the trial judge did not convey any belief as to petitioner's guilt. The Appellate Division also made a point of disagreeing with "defendant's strained interpretation" of the judge's explication of "attempt" for the jury. State v. Patterson, A-4580-95T4 (App. Div. Mar. 10, 1998). Defendant has not credibly asserted that the state court's finding met the AEDPA standards, entitling him to relief on this ground.

**GROUND 5:** *The trial court erred in admitting an inflammatory autopsy photograph of the victim's skull and in allowing the medical examiner to give graphic descriptions of the condition of the victim's body.*

At trial, a photograph showing a bullet wound to Alvin Alexander's head was cropped and admitted as evidence. Petitioner argues that a cropped autopsy photograph should not have been admitted as evidence because it was gruesome and irrelevant. (Pet'r's Addendum to Pet. for Habeas Corpus 5.) Petitioner did not object to the admission of this photograph at trial. Petitioner raised the claim on appeal to the state Appellate Division, which determined that the claim lacked merit; the New Jersey Supreme Court denied certification. State v. Patterson, 155 N.J. 587 (1998).

Trial errors, as considered by federal courts sitting in habeas corpus, are harmful when any error "has substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 638 (1993). In one relevant case, a habeas petitioner sought relief on the ground that the trial court wrongfully admitted seven photographs of the victim's autopsy and the crime scene. The Western District of Pennsylvania held:

> There are times when the graphic nature of evidence is such that admission thereof can deny a criminal defendant a fair trial. . . . Here, the photographs at issue were relevant to the Commonwealth's theory of the case, and the trial court went to great lengths to determine the probative value thereof and the extent of any prejudice which might result from their admission. . . . The trial court's findings of fact concerning the graphic nature, or not, of the photographs, and of the likely impact they would

9

> have on a jury, are clear on the record and are entitled to a presumption of correctness, which petitioner has not rebutted.

Foust v. Brooks, No. 04-176, 2006 WL 2077020, at *8 (W.D. Pa. July 24, 2006).

Here, however, the petitioner did not object at trial, which suggests that the photograph was not as prejudicial as he now asserts. Moreover, that the photograph was redacted indicates that the trial court conducted a careful calculus, in which it weighed the photograph's probative value against its prejudicial value. Because the trial court is presumed to be correct in a habeas proceeding, this ground fails on the merits, since it does not meet the high bar for habeas relief under AEDPA.

**GROUND 6**: *Counsel was ineffective for failing to call two witnesses.*

Petitioner first raised this ground in his petition for post-conviction relief. He argued that two eyewitnesses of the armed robbery, Atiyah Austin and Donisha Harris, should have been called as trial witnesses. Petitioner's post-conviction attorney was then given a chance to call these witnesses, but he could not locate them. For that reason, petitioner has been unable to establish what Austin and Harris would likely have said had they been called to testify at his trial, and whether they had information that would have changed the jury's mind. The Appellate Division found that *if* Austin and Harris had testified, and *if* they had not identified petitioner as the aggressor in the armed robbery, "their testimony would have been significantly impeached by the other evidence tending to link defendant with the commission of this offense." State v. Patterson, A-2170-00T4, at *6-7 (App. Div. Apr. 26, 2002).

To obtain habeas relief for ineffective assistance of counsel, a petition must show not only that an attorney's assistance was unreasonable under prevailing professional norms, United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992), but also that, but for the error, the outcome of the trial would have been different. See Strickland v. Washington, 466 U.S. 668, 691 (1984) ("An

error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."). Because petitioner can merely speculate as to what Austin and Harris would have said had they testified, and what effect that hypothetical testimony would have had on the jury, petitioner has failed to satisfy the prejudice prong of Strickland. As the Appellate Division stated, "purely speculative deficiencies in representation are insufficient to justify reversal." State v. Patterson, A-2170-00T4, at *7 (App. Div. Apr. 26, 2002).

This Court agrees with the Appellate Division. Because petitioner has not shown that the state court's decision met either of the two AEDPA prongs, petitioner cannot obtain relief on this ground.

**GROUND 7**: *Trial Counsel was ineffective for failing to mount a challenge to Jackson's statements.*

Petitioner claims that his trial counsel was ineffective for failing to research the extent to which Jackson's low IQ could affect his reliability. The Appellate Division, considering this ground for post-conviction relief:

> infer[red] from defendant's failure to object below that in the context of the trial the error was actually of no moment. . . . For example, it may well be that counsel felt it not advisable to voice an opinion and draw attention to the testimony. . . . In light of the fleeting nature of the testimony, we are satisfied that the jury did not reach a result it otherwise would not have reached and, consequently, reject defendant's contention.

(Def.'s Answer 10-11, May 27, 2003 (internal citations removed).)

For the reasons stated by the Appellate Division, petitioner is unable to establish either cause or prejudice under Strickland. Petitioner has not proved that the state court's finding was incorrect, much less that it rose to the high level of fault required by AEDPA.

**GROUND 8:** *The introduction of inadmissible hearsay testimony denied petitioner due process.*

Because petitioner failed to exhaust available administrative remedies with regard to this ground, he dropped it from his petition so that his other grounds could be considered on their merits. (Letter from petitioner to Court, Dec. 1, 2009.) It cannot now be reviewed by this Court.

**GROUND 9:** *Appellate counsel was ineffective for not offering the trial court's introduction of inadmissible hearsay testimony as a ground for appeal.*

Petitioner pressed this ground for the first time while appealing the denial of his post-conviction relief petition. The Appellate Division noted that petitioner had never raised this issue before – not during trial when the testimony was offered, not during his appeal, and not even in his first state petition for post-conviction relief. The Appellate Division nevertheless considered the ground on its merits, finding that any error was harmless, because "in the context of the trial the error was actually of no moment," as evidenced by petitioner's failure to object to admission of the hearsay testimony. State v. Patterson, A-2170-00T4, at *10 (N.J. Super. Ct. App. Div. April 26, 2002) (citing State v. Macon, 15 NJ 325, 333 (1971)). Moreover, "the reference was fleeting, consuming a few lines of one page of a transcript of a trial that involved more than five days of testimony, . . . the failure to object deprived the court of an opportunity to give a curative instruction, . . . the objectionable testimony was not repeated, nor did the prosecutor mention it either in her opening statement or in her summation." Id. at 10-11. The state Supreme Court denied the petition for certification. State v. Patterson, A-2170-00 (N.J. Sept. 25, 2002).

The Appellate Division's finding that any error was harmless does not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law. Petitioner is not entitled to recover on this ground.

## IV. CONCLUSION

For the foregoing reasons, petitioner Emmitt Patterson's petition for a writ of habeas corpus is denied.


April 22, 2010                                          **s/William H. Walls**_____
                                                        United States Senior District Judge

cc:     All counsel of record (by CM/ECF)
        Emmitt Patterson (by USPS)